IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| ANTHONY G. MERCIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1 05 825 24 |
| | ) |
| AMERICAN FIDELITY ASSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND COUNTERCLAIM

Now comes American Fidelity Assurance Company, ("American Fidelity") and files its Answer and Counterclaim to Plaintiff Anthony G. Mercier's ("Mercier") Complaint.

### FIRST DEFENSE

Responding to the numbered paragraphs of the Complaint, American Fidelity answers:

1. American Fidelity admits upon information and belief the allegations in paragraph 1 of the Complaint.

2. American Fidelity admits the allegations in paragraph 2 of the Complaint.

3. American Fidelity admits the allegations in paragraph 3 of the Complaint, except it denies that Mercier has properly identified the agent for service in South Carolina.

4. American Fidelity denies the allegations in paragraph 4 of the Complaint.

5. American Fidelity admits the allegations in paragraph 5 of the Complaint.

6. American Fidelity denies that Mercier was an employee, denies that he acted within the scope of his Producer Agreement with American Fidelity, and therefore denies the allegations in paragraph 6 of the Complaint.

7. American Fidelity reasserts and incorporates its answers to paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8. American Fidelity admits upon information and belief the allegations in paragraph 8 of the Complaint.

9. American Fidelity admits upon information and belief the allegations in paragraph 9 of the Complaint.

10. American Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. American Fidelity admits upon information and belief the allegations in paragraph 11 of the Complaint, except the company is without knowledge or information sufficient to form a belief as to whether Mercier is licensed in Arizona.

12. American Fidelity admits upon information and belief the allegations in paragraph 12 of the Complaint.

13. American Fidelity denies the allegations in paragraph 13 of the Complaint. Further answering, Mercier submitted his appointment application to American Fidelity on March 17, 2003, but was not appointed until April 7, 2003.

14. American Fidelity admits the allegations contained in paragraph 14 of the Complaint. Further answering, the Producer Agreement sets out terms other than compensation, such as termination provisions.

15. American Fidelity admits that it is a member of the Insurance Marketplace Standards Association ("IMSA"), a voluntary, non-profit organization whose mission is to strengthen trust and confidence in the life insurance industry. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 15 of the Complaint.

16. American Fidelity admits upon information and belief the allegations in paragraph 16 of the Complaint.

17. American Fidelity denies the allegations in paragraph 17 of the Complaint.

18. Since beginning its investigation of Mercier after concerns arose with the policies he sold, American Fidelity has learned that a community sometimes called the "Irish Travelers" live in North Augusta, Aiken County, South Carolina, and that Mercier has some relationship with this community. American Fidelity is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. American Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. American Fidelity denies the allegations in paragraph 20 of the Complaint.

21. American Fidelity denies that it represented to Mercier that he was permitted to write insurance contracts for the "Irish Travelers," or authorized Mercier to do so. Further answering, upon information and belief, Mercier wrote insurance contracts in South Carolina, Florida, Tennessee, as well as Texas. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 21 of the Complaint.

22. American Fidelity denies the allegations in paragraph 22 of the Complaint.

23. American Fidelity admits that it terminated Mercier's appointment, providing thirty days notice by letter dated May 13, 2004, pursuant to the Producer Agreement. Further answering, American Fidelity admits that Mercier's appointment was terminated effective June 13, 2004, assuming the outcome of American Fidelity's further review of the business submitted by Mercier did not warrant immediate termination for cause. American Fidelity otherwise denies the allegations in paragraph 23 of the Complaint.

24. American Fidelity admits that the May 13, 2004, letter stated that Mercier's termination may be for cause and therefore effective immediately, depending upon American Fidelity's review of the business Mercier had submitted.

25. American Fidelity admits the allegations in paragraph 25 of the Complaint.

26. American Fidelity denies the allegations in paragraph 26 of the Complaint.

27. American Fidelity admits that Mercier wrote a letter dated August 24, 2004, that references a letter allegedly written July 23, 2004, and that the August 24 letter requested a reevaluation of his termination without cause. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 27 of the Complaint.

28. American Fidelity admits upon information and belief that some policy holders contacted Mercier that their policies had been rescinded and their premiums refunded. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 28 of the Complaint.

29. American Fidelity denies the allegations in paragraph 29 of the Complaint.

30. American Fidelity admits the allegations in paragraph 30 of the Complaint.

31. The Winter 2004 edition of AF Amerilife Achiever was published between December, 2003 and March, 2004, before American Fidelity investigated Mercier's submitted business and the subsequent termination of his appointment. American Fidelity otherwise admits the allegations in paragraph 31 of the Complaint.

32. American Fidelity admits the allegations in paragraph 32 of the Complaint.

33. American Fidelity denies the allegations in paragraph 33 of the Complaint.

34. American Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. American Fidelity admits that it informed the State of Florida, Department of Financial Services, Bureau of Investigation of Mercier's activities, as required by law. American Fidelity is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. American Fidelity informed Mercier that it was investigating the polices for which he was the agent of record and in a July 8, 2004, letter told him that "a number of serious discrepancies" had been discovered and that it had "rescinded a number of policies." The July 8 letter was a follow-up to a July 1, 2004. letter American Fidelity had previously sent to Mercier. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 36 of the Complaint.

37. American Fidelity denies the allegations in paragraph 37 of the Complaint.

38. American Fidelity did not provide any false information to any person, agency or department about Mercier and/or Mercier's business with American Fidelity. American Fidelity admits that it reported Mercier's activities to the appropriate authorities in South Carolina and Tennessee, as well as Georgia, Texas, Florida, and Virginia. American Fidelity is without knowledge or information sufficient to form a belief as to the status of any state's investigation. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 38 of the Complaint.

39. American Fidelity denies the allegations in paragraph 39 of the Complaint.

40. American Fidelity denies the allegations in paragraph 40 of the Complaint.

41. American Fidelity admits that it reviewed the applications and any accompanying medical records, information gathered and submitted by Mercier. Further answering, Mercier

arranged for medical exams. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 41 of the Complaint.

42. American Fidelity made the decision to issue policies in reliance upon the information gathered and submitted by Mercier. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 42 of the Complaint.

43. American Fidelity denies the allegations in paragraph 43 of the Complaint.

44. American Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. American Fidelity denies the allegations in paragraph 45 of the Complaint.

46. American Fidelity denies the allegations in paragraph 46 of the Complaint.

47. American Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. American Fidelity admits that the Producer Agreement contained provisions binding on both it and Mercier. Further answering, Mercier did not comply with his obligations under the Producer Agreement. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 48 of the Complaint.

49. American Fidelity denies the allegations in paragraph 49 of the Complaint.

50. American Fidelity denies the allegations in paragraph 50 of the Complaint.

51. Responding to the allegations in paragraph 51, American Fidelity is without knowledge or information sufficient to form a belief as to what Mercier believes, but denies that it has rescinded all of the policies he wrote.

52. American Fidelity is without knowledge or information sufficient to form a belief as to what Mercier believes, and otherwise denies the allegations in paragraph 52 of the Complaint.

53. American Fidelity denies the allegations in paragraph 53 of the Complaint.

54. American Fidelity denies the allegations in paragraph 54 of the Complaint.

55. American Fidelity admits that it uses Vector reports as an agent screening due diligence tool. American Fidelity is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 55 of the Complaint.

56. Vector is an agent screening, due diligence tool, a database containing the names of insurance agents who have been reported by subscribers as having left with a debit balance. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 56 of the Complaint.

57. American Fidelity denies that a "clean" Vector report is absolutely required to receive an appointment. At the time of Mercier's appointment with American Fidelity, Mercier's Vector report indicated that he owed Central States $10,287.28 for a debit balance due to policy rescissions, which Mercier explained as confusion with his son of the same name. American Fidelity is otherwise without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 57 of the Complaint.

58. American Fidelity is without knowledge or information sufficient to form a belief as to truth of the allegations in paragraph 58 of the Complaint.

59. American Fidelity admits the allegations in paragraph 59 of the Complaint.

60. American Fidelity admits that it is seeking $84,008.08 in repayment for commissions on policies that were properly rescinded. American Fidelity denies the remaining allegations in paragraph 60 of the Complaint.

61. American Fidelity admits the allegations in paragraph 61 of the Complaint. Further answering, American Fidelity had previously informed Mercier in writing that it expected to be repaid the debit balance.

62. American Fidelity admits that if Mercier fails to pay the debit balance, then the company will consider reporting it to Vector. American Fidelity is without knowledge or information sufficient to form a belief as to truth of the remaining allegations in paragraph 62 of the Complaint.

63. American Fidelity denies the allegations in paragraph 63 of the Complaint.

64. American Fidelity denies the allegations in paragraph 64 of the Complaint.

65. American Fidelity denies the allegations in paragraph 65 of the Complaint.

66. American Fidelity denies the allegations in paragraph 66 of the Complaint.

67. American Fidelity denies the allegations in paragraph 67 of the Complaint.

68. American Fidelity denies the allegations in paragraph 68 of the Complaint.

## NO INJUNCTIVE RELIEF

69. American Fidelity reasserts and incorporates by reference its answers to paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70. American Fidelity denies that it employed Mercier. Pursuant to the Producer Agreement, Mercier was an independent contractor, an independent agent appointed to write insurance. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 70 of the Complaint.

71. American Fidelity denies the allegations in paragraph 71 of the Complaint.

72. American Fidelity denies the allegations in paragraph 72 of the Complaint.

73. American Fidelity denies the allegations in paragraph 73 of the Complaint.

74. Responding to the allegations in paragraph 74 of the Complaint, American Fidelity admits that Mercier owes it $84,008.80, as he has been informed since before December of 2004, and again by letter dated December 27, 2004.

75. American Fidelity admits that if Mercier fails to pay the debit balance, then the company will consider reporting it to Vector. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 75 of the Complaint.

76. American Fidelity denies the allegations in paragraph 76 of the Complaint.

77. American Fidelity admits upon information and belief the allegations in paragraph 77 of the Complaint, except that it is without knowledge or information sufficient to form a belief about what Mercier knows and does not know about various jobs in the job market.

78. American Fidelity admits the allegations in paragraph 78 of the Complaint, but denies that Mercier has any legitimate basis to dispute the debit balance.

79. American Fidelity denies the allegations in paragraph 79 of the Complaint.

80. American Fidelity denies the allegations in paragraph 80 of the Complaint.

81. American Fidelity denies Mercier's right to any injunctive or other equitable relief. American Fidelity denies the remaining allegations in paragraph 81 of the Complaint.

82. American Fidelity denies the allegations in paragraph 82 of the Complaint.

## NO BREACH OF CONTRACT

83. American Fidelity reasserts and incorporates by reference its answers to paragraphs 1 through 82 of the Complaint as if fully set forth herein.

84. American Fidelity denies that it employed Mercier. Pursuant to the Producer Agreement, Mercier was an independent contractor, an independent agent appointed to write insurance. To

the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 84 of the Complaint.

85. American Fidelity admits that it terminated Mercier's appointment pursuant to the terms of the Producer Agreement after learning of Mercier's failure to comply with the terms of that agreement. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 85 of the Complaint.

86. American Fidelity denies the allegations in paragraph 86 of the Complaint.

87. American Fidelity denies the allegations in paragraph 87 of the Complaint.

88. American Fidelity admits that Mercier was considered a strong performer before American Fidelity had complete knowledge of his activities.

89. American Fidelity admits that the Producer Agreement sets forth obligations for both it and Mercier. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 89 of the Complaint.

90. American Fidelity admits that the written Producer Agreement sets forth obligations for both it and Mercier. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 90 of the Complaint.

91. American Fidelity denies the allegations in paragraph 91 of the Complaint.

92. American Fidelity denies the allegations in paragraph 92 of the Complaint.

93. American Fidelity denies the allegations in paragraph 93 of the Complaint.

## NO BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

94. American Fidelity reasserts and incorporates by reference its answers to paragraphs 1 through 93 of the Complaint as if fully set forth herein.

95. American Fidelity denies that it employed Mercier. Pursuant to the Producer Agreement, Mercier was an independent contractor, an independent agent appointed to write insurance. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 95 of the Complaint.

96. American Fidelity terminated Mercier's appointment as permitted by and in accordance with the terms of the Producer Agreement after learning of Mercier's failure to comply with the terms of that agreement. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 96 of the Complaint.

97. American Fidelity denies the allegations in paragraph 97 of the Complaint.

98. American Fidelity denies the allegations in paragraph 98 of the Complaint.

99. American Fidelity admits that the Producer Agreement sets forth obligations for both it and Mercier. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 99 of the Complaint.

100. American Fidelity admits that the written Producer Agreement sets forth obligations for both it and Mercier. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 100 of the Complaint.

101. American Fidelity denies the allegations in paragraph 101 of the Complaint.

102. American Fidelity denies the allegations in paragraph 102 of the Complaint.

103. American Fidelity denies the allegations in paragraph 103 of the Complaint.

104. American Fidelity denies the allegations in paragraph 104 of the Complaint.

## NO TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE CONTRACTUAL RELATIONS

105. American Fidelity reasserts and incorporates by reference its answers to paragraphs 1 through 104 of the Complaint as if fully set forth herein.

106. American Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint.

107. American Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint.

108. American Fidelity is required by law to report certain activities to state agencies. American Fidelity complied with these laws with regard to Mercier. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 108 of the Complaint.

109. American Fidelity admits that it notified the appropriate persons of Mercier's activities as required by state law. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 109 of the Complaint.

110. American Fidelity denies the allegations in paragraph 110 of the Complaint.

111. American Fidelity denies the allegations in paragraph 111 of the Complaint.

112. American Fidelity denies the allegations in paragraph 112 of the Complaint.

113. American Fidelity denies the allegations in paragraph 113 of the Complaint.

114. American Fidelity denies the allegations in paragraph 114 of the Complaint.

115. American Fidelity denies the allegations in paragraph 115 of the Complaint.

116. American Fidelity denies the allegations in paragraph 116 of the Complaint.

117. American Fidelity denies the allegations in paragraph 117 of the Complaint.

## NO DEFAMATION

118. American Fidelity reasserts and incorporates by reference its answers to paragraphs 1 through 117 of the Complaint as if fully set forth herein.

119. American Fidelity denies the allegations in paragraph 119 of the Complaint.

120. American Fidelity properly terminated Mercier's appointment because of his failure to meet his obligations under the Producer Agreement. To the extent inconsistent with the foregoing, American Fidelity denies the allegations in paragraph 120 of the Complaint.

121. American Fidelity denies the allegations in paragraph 121 of the Complaint.

122. American Fidelity denies the allegations in paragraph 122 of the Complaint.

123. American Fidelity denies the allegations in paragraph 123 of the Complaint.

124. American Fidelity denies the allegations in paragraph 124 of the Complaint.

125. American Fidelity denies the allegations in paragraph 125 of the Complaint.

126. American Fidelity denies the allegations in paragraph 126 of the Complaint.

127. American Fidelity denies the allegations in paragraph 127 of the Complaint.

## NO BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

128. American Fidelity reasserts and incorporates by reference its answers to paragraphs 1 through 127 of the Complaint as if fully set forth herein.

129. American Fidelity admits the allegations in paragraph 129 of the Complaint, but denies that the duty of good faith forms the basis for a cause of action separate from the breach of contract claim.

130. American Fidelity denies the allegations in paragraph 130 of the Complaint.

131. American Fidelity denies the allegations in paragraph 131 of the Complaint.

132. American Fidelity denies the allegations in paragraph 132 of the Complaint.

133. American Fidelity denies the allegations in paragraph 133 of the Complaint.

134. American Fidelity denies the allegations in paragraph 134 of the Complaint.

135. American Fidelity denies all allegations in the Complaint not specifically admitted.

136. American Fidelity denies that Mercier is entitled to injunctive relief, compensatory and/or punitive damages, attorneys' fees, expert fees, a trial by jury, or to any relief whatsoever in law or equity. American Fidelity denies that Mercier is entitled to any relief whatsoever.

## SECOND DEFENSE

The Complaint should be dismissed to the extent it fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Complaint should be dismissed to the extent that Mercier has failed to comply fully with his duty to mitigate or reasonably attempt to mitigate his alleged damages, if any, his entitlement to which is expressly denied.

## FOURTH DEFENSE

The Complaint should be dismissed because American Fidelity at all times complied with applicable laws and acted because of legitimate business reasons.

## FIFTH DEFENSE

The Complaint should be dismissed because American Fidelity at all times acted in good faith and without malice.

## SIXTH DEFENSE

The Complaint should be dismissed because Mercier seeks equitable remedies, but comes to the Court with unclean hands and is otherwise barred by concepts of fairness and equity.

## SEVENTH DEFENSE

The Complaint should be dismissed because no causal relationship exists because of American Fidelity's alleged acts and Mercier's alleged damages.

## EIGHTH DEFENSE

Mercier's defamation claim should be dismissed because any statements made by American Fidelity about Mercier were true.

## NINTH DEFENSE

Mercier's defamation claim should be dismissed because any statements made or action taken about Mercier were in good faith, privileged (both internal to the company and to report to state agencies as required by applicable state law) justified and/or a mere expression of opinion.

## TENTH DEFENSE

Mercier's defamation claim should be dismissed to the extent that any statement made or action taken about Mercier was not published.

## ELEVENTH DEFENSE

Mercier's defamation claim should be dismissed because Mercier was not damaged by any statement made or action taken by American Fidelity about him.

## TWELFTH DEFENSE

The alleged improper statements or actions of any American Fidelity employees or agents are denied. Any allegedly improper statements or acts were not within the class of acts that American Fidelity authorized its employees or agents to perform, were not performed in the course of American Fidelity's business, were not performed for the purpose of promoting American Fidelity's business, and were not performed with American Fidelity's knowledge.

## THIRTEENTH DEFENSE

Mercier's claims for defamation and for breach of contract accompanied by a fraudulent act should be dismissed to the extent that they are not pleaded with the specificity required by law and the rules of the Court.

## FOURTEENTH DEFENSE

American Fidelity is not liable for punitive damages because neither it nor any of its officers, directors, or managing agents made any statements or acted with willfulness, wantonness, recklessness or with an entire want of care which would raise the presumption of conscious indifference to the consequences to the rights of Mercier.

## FIFTEENTH DEFENSE

The claim for punitive damages should be dismissed because Mercier's claims for punitive damages violate the Constitution of the United States and the Constitution for the State of South Carolina.

## SIXTEENTH DEFENSE

The Complaint should be dismissed because even if it is determined that American Fidelity owes any monies to Mercier, which American Fidelity expressly denies, any such amounts must be setoff by the amounts that Mercier owes to American Fidelity.

## SEVENTEENTH DEFENSE

The Complaint should be dismissed to the extent that Mercier relies upon alleged oral agreement barred by the statute of frauds.

## COUNTERCLAIM

Now comes American Fidelity and files its Counterclaim against Mercier:

1. By filing his Complaint, Mercier has submitted to the jurisdiction and venue of this Court.

2. American Fidelity and Mercier entered into a Producer Agreement.

3. As part of the Producer Agreement, Mercier agreed that if a refund of commissions was required from him, American Fidelity was authorized to debit his producer account for the amount of the refund without demand or notice.

4. Further, Mercier agreed to give American Fidelity a first lien upon any amounts of indebtedness owed by Mercier and further agreed that the indebtedness would bear interest at the maximum legal rate, or six percent (6%), whichever is higher until such time as American Fidelity received payment in full.

5. Mercier also agreed that should legal action be required to recover the indebtedness, then he would reimburse and/or indemnify American Fidelity for all costs, expenses, and attorneys' fees expended by the Company in recovering the indebtedness.

6. Contracts for insurance written by Mercier required rescission for reasons such as missing and/or inaccurate information.

7. Mercier received commissions on the contracts, which were later rescinded.

8. Mercier was not entitled to commissions on the rescinded contracts.

9. Mercier has not made payment, despite American Fidelity's repeated demands, although demands were not required by the terms of the Producer Agreement.

10. Mercier is indebted to American Fidelity in the amount of $84,008.80, plus interest, for commissions advanced to him on the rescinded contracts, as well as costs, attorneys' fees and expenses.

WHEREFORE, American Fidelity respectfully request the following relief:

(a) That judgment be entered in favor of American Fidelity and against Mercier in the amount of $84,008.80, and for all other damages as may be proved with greater specificity at trial, as well as pre-judgment and post-judgment interest;

(b) That the Court dismiss Mercier's Complaint with prejudice;

(c) That all attorneys' fees, costs and expenses be borne by Mercier;

(d) That the Court grant such other and further relief as it deems just and proper.

HULL, TOWILL, NORMAN, BARRETT & SALLEY

*James M. Holly*
James M. Holly
Federal Bar No. 1918

111 Park Avenue S.W.
Aiken, South Carolina 29801
P.O. Box 517
(803) 648-4213
(803) 648-2601 FAX

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*Wade W. Herring, II*
Wade W. Herring, II
Georgia Bar No. 349343
Shawn A. Kachmar
Federal Bar No. 68613

200 E. St. Julian St.
P.O. Box 9848
Savannah, GA 31412
(912) 236-0261
(912) 236-4936 FAX

Attorneys for Defendant, American Fidelity Assurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **Answer and Counterclaim** upon all parties to this matter by hand and/or by causing to be deposited a true copy of same in the U.S. Mail, proper first-class postage prepaid, properly addressed to the following:

> Kristina M. Anderson
> Anderson & Anderson, LLP
> 211 York Street, NE
> Aiken, South Carolina 29801

This 20th day of May, 2005.

HULL, TOWILL, NORMAN, BARRETT & SALLEY

James M. Holly
Federal Bar No. 1918

111 Park Avenue S.W.
Aiken, South Carolina 29801
P.O. Box 517
(803) 648-4213
(803) 648-2601 FAX

585586-2